IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HENRY LEE CARTER and GREGORY M. YATES,<br><br>                                *Plaintiffs*,<br><br>            v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, JEAN CUNNINGHAM, HAROLD PYON, NANCY RODRIGUES, ROBERT F. MCDONNELL, KENNETH T. CUCCINELLI, II, and BILL BOLLING.<br>                              *Defendants.* | CIVIL ACTION NO. 3:11-CV-7<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

       Plaintiffs filed this action seeking declaratory and injunctive relief arising out of the alleged malapportionment of Virginia Senate districts under the "one person, one vote" standard articulated in *Reynolds v. Sims*, 377 U.S. 533, 558 (1964), claiming that data from the 2010 Census, released on February 3, 2011,[1] show that their votes are "diluted." They seek (i) an injunction barring defendants from holding elections under the current Senate redistricting plan, which was enacted in 2001, Va. Code §§ 24.2-303.1 and 24.2-303.2; (ii) an order setting deadlines for the General Assembly and governor to enact a plan based on the new Census data; and, (iii) should the requested deadlines be missed, they ask the court to impose a redistricting plan. As the matter is not ripe for review, it must be dismissed.

       Pursuant to 28 U.S.C. § 2284, plaintiffs have requested a three judge panel. A district court consisting of three judges must be empanelled to grant injunctive relief or judgment on the merits in cases challenging the apportionment of any statewide legislative body. 28 U.S.C. §§

---

[1] Press Release, United States Census Bureau, U.S. Census Bureau Delivers Virginia's 2010 Census Population Totals, Including . . . Data for Legislative Redistricting (Feb. 3, 2011).

2284(a), 2284(b)(3).  "Upon filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit," who must then empanel the court.  *Id*. § 2284(b)(1).  However, three judges are not required where the complaint "does not state a substantial claim for injunctive relief."  *Md. Citizens for a Representative Gen. Assembly v. Governor of Md.*, 429 F.2d 606, 611 (4th Cir. 1970).  Where the court lacks jurisdiction, the claim is by definition insubstantial and a single district judge may dismiss the case.  *See Ex Parte Poresky*, 290 U.S. 30, 31 (1933) ("the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction."); *Md. Citizens*, 429 F.2d at 611; *Atkins v. Bd. of Educ.*, 418 F.2d 874, 875 n.1 (4th Cir. 1969).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, a district court has a duty to inquire into whether jurisdiction is proper, and to dismiss an action if it is not.  *See* Fed. R. Civ. P. 12(h)(3).  The ripeness doctrine implicates the jurisdictional "case or controversy" requirement of Article III.  *See Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003).  In determining whether a matter is ripe, the court must "decide whether the issue is substantively definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration."  *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 602 (4th Cir. 1997) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *modified on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).  "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties."  *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006); *see also Texas v. United States*, 523 U.S. 296, 300-01

(1998). Hardship is determined by "the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law." *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208-09 (4th Cir. 1992).

As plaintiffs have alleged no immediate harm, and their claims are contingent on future uncertainties, this case is not ripe for review. Although Virginia has not yet enacted a redistricting plan based on the current Census, the data were released only two weeks ago. Moreover, the Virginia General Assembly is now in session and is scheduled to adjourn on February 26, 2011. Although I am unaware of any official timetable for the 2011 redistricting, I note that after the 2000 Census, the General Assembly and governor agreed upon a redistricting plan by April 21, 2001, during a special redistricting session. Furthermore, there are no scheduled Virginia Senate elections until the primary, currently planned for June 14, 2011.[2] Va. Code. § 24.2-515. As there is no reason to suspect that Virginia's lawmakers will fail to enact appropriate redistricting legislation in a timely manner, there is no basis for the requested relief. Moreover, as the Constitution leaves states with the primary responsibility for the apportionment of state legislative districts, *Growe v. Emison*, 507 U.S. 25, 24 (1993), it would be repugnant to principles of federalism and the separation of powers to interfere with the General Assembly's or governor's prerogatives now.

Accordingly, the matter will be dismissed without prejudice.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

Entered this __15th__ day of February, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] According the State Board of Elections, it is anticipated that the General Assembly will pass legislation moving the primary date to give candidates reasonable time to prepare, in light of redistricting. *See* 2011 November Election Calendar (available at http://www.sbe.virginia.gov).